UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
                                   )
**JAMES L. WIDENER,**              )
                                   )
        Petitioner,              )
                                   )
        v.                       )
                                   )
                                   )   Civil Action No. 18-10780
                                   )
**BRAD COWEN,**                    )
                                   )
        Respondent.              )
                                   )
                                   )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                   January 25, 2019

### I.    Introduction

Petitioner James Widener ("Widener") has filed a petition seeking a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. D. 1. Respondent Brad Cowen ("Cowen"), Superintendent of the Massachusetts Correctional Institution at Norfolk, opposes the Petition and has moved to dismiss. D. 11. For the reasons stated below, the Court ALLOWS the motion to dismiss, D. 11, and DENIES the Petition, D. 1.

### II.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") federal courts may review petitions for habeas petitions that have resulted in either a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As an initial matter, a petitioner must show that he has

1

exhausted all of his state court remedies or, in the alternative, that the State did not offer appropriate corrective measures. Id. To successfully carry the burden of proving exhaustion, the petitioner must demonstrate that he has "fairly and recognizably" presented his claim to the state's highest court, the Supreme Judicial Court in this case. Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000); Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (noting that "the decisive pleading [regarding exhaustion] is the application for further appellate review, and [the Court] must determine whether the petitioner fairly presented the federal claim to the [Supreme Judicial Court] within 'the four corners' of that application").

### III. Factual and Procedural Background

The following facts are drawn from the state court record.[1]

The charges against Widener arose out of a police investigation of a string of robberies in Plymouth and Bristol Counties that started in September 2010. S.A. 292-93. In January 2011, the police learned through a confidential informant that Widener was in Florida purchasing drugs and firearms to redistribute in Massachusetts. S.A. 303. Through recorded conversations provided by the Bureau of Alcohol, Tobacco, Firearms and Explosives, police learned that Widener planned on returning to Massachusetts in late January, that his girlfriend Briana Tobin would likely be with him and that he was in possession of a gray Jeep Commander. S.A. 304-06. On February 2, 2011, the police received information placing Widener in Massachusetts. S.A. 305. Within twenty-four hours of receiving this information, police "observed [Widener] on Route 3A in Kingston, Massachusetts, in a gray Jeep Commander, with a woman matching Tobin's description." S.A. 271. The police followed the car until it stopped at a gasoline station, where Widener exited the vehicle. S.A. 271. As Widener was returning to the vehicle, police officers identified themselves

---

[1] These materials are contained in the Supplemental Appendix ("S.A."), D. 14. References to material contained in the Supplemental Appendix will be cited as S.A. [page number].

2

and approached him. S.A. 271; S.A. 309. Widener then fled by foot and was apprehended shortly thereafter. S.A. 272.

After Widener was apprehended, a different officer approached Tobin, who was still in the vehicle, and ordered her to put her hands where the officer could see them. S.A. 272. Rather than complying with this order, Tobin continued to move around in the vehicle, which prompted the officer to open the vehicle door and remove her. S.A. 272. As he removed Tobin, the officer observed a firearm on the floor of the passenger side. S.A. 272. While the vehicle was secured, the police then applied for a warrant to search the vehicle. S.A. 245. After receiving the warrant, the police executed the search, which resulted in the seizure of the firearm and ammunition. S.A. 245.

Widener was subsequently charged with unlawful possession of a firearm, unlawful possession of a large capacity feeding device, resisting arrest, driving with a suspended license and committing a firearms offense with three or more prior violent or drug-related crimes. S.A. 1-3. On June 15, 2012, Widener moved to suppress evidence seized from his vehicle in state court. S.A. 8. At the October 26, 2012 suppression hearing, after hearing testimony from three officers, S.A. 290; S.A. 331; S.A. 373, the court denied the motion to suppress. S.A. 407. The court found that the officers acted appropriately when they acted with caution in approaching both Petitioner and his girlfriend because "given this [Petitioner] and his background," the officers had "a good basis to believe that he would be armed or have ready access to firearms." S.A. 404. Regarding Tobin, the court found that "she very well . . . could be viewed by the police as a confederate of Mr. Widener, a confederate prepared to assist him in a variety of different ways, including the violent upset of his arrest, perhaps being armed herself." S.A. 404. That she did not heed to the officer's command to show her hands would have only increased the officer's suspicion of her,

3

and thus the officer was justified in using his own force to have her exit the vehicle. S.A. 405. The court further found that arresting Tobin on site was a "reasonable means to neutralize [the] present threat[] temporarily at the scene." S.A. 406. However, once an officer saw the firearm in plain sight, they had probable cause to arrest her for possession of a firearm. S.A. 406. Moreover, the court found that it was within the rights of the police to secure the Jeep by driving it to another location, to ensure it would remain undisturbed until a search warrant could be obtained. S.A. 407. Thus, the court denied the motion to suppress. S.A. 407.

On June 4, 2015, a jury returned a guilty verdict against Widener on the unlawful possession of a firearm, unlawful possession of ammunition, unlawful possession of a large capacity feeding device and unlawful possession of a loaded firearm charges. S.A. 1-3; S.A. 12; S.A. 244.

As to sentencing, the court held that a sentence enhancement under the Massachusetts Armed Career Criminal Act (" MA ACCA") applied. S.A. 13. The MA ACCA, Mass. Gen. L. c. 269, § 10G(c), provides that "[w]hoever, having been previously convicted of three violent crimes or three serious drug offenses, or any combination thereof totaling three . . . violates the provisions . . . of said section 10 . . . shall be punished by imprisonment in the state prison for not less than 15 years nor more than 20 years." The statute defines a "violent crime" as "any crime punishable by imprisonment for a term exceeding one year" and that also has one of the following characteristics: "(i) has as an element the use, attempted use or threated use of physical force or a deadly weapon against the person of another; (ii) is burglary, extortion, arson or kidnapping; (iii) involves the use of explosives; or (iv) otherwise involves conduct that presents a serious risk of physical injury to another." Mass. Gen. L. c. 269, § 10G(e). Part (i) of the statute is known as the "force clause," and part (iv) is known as the "residual clause." The Commonwealth produced

evidence that Widener was convicted of the following crimes on the following dates: assault and battery on July 19, 2001, assault and battery with a dangerous weapon ("ABDW") on March 18, 2004, possession with intent to distribute class B controlled substance on January 8, 2008, and ABDW on January 11, 2008. S.A. 247. Because Widener was found to have "been previously convicted of three violent crimes or three serious drug offenses, or any combination thereof totaling three, arising from three separate incidences," the court sentenced him to the mandatory minimum enhanced sentence of fifteen years. S.A. 247. The trial judge, however, did not specify which convictions she relied upon when concluding that Widener had the requisite number to qualify for enhanced sentencing. S.A. 248.

In May 2016, Widener appealed to the Massachusetts Appeals Court, raising three grounds for relief, two of which—denial of his motion to suppress and that the trial court erred in finding that he could be sentenced pursuant to the MA ACCA—he has now raised in the Petition. S.A. 39; S.A. 46; S.A. 140. With regard to the first claim, the Appeals Court held that the officer's exit order to Tobin was based on a reasonable concern for officer safety, as the officer has reason to believe that Tobin had access to firearms in the car and was prepared to assist Widener in resisting arrest. S.A. 246. Thus, the Massachusetts Appeals Court found no error in the denial of Widener's motion to suppress. S.A. 246.

With regard to the other claim on appeal that he raises in the Petition, Widener challenged his sentence pursuant to the MA ACCA on two grounds. First, he argued that assault and battery with a dangerous weapon was not a violent crime within the meaning of the MA ACCA. S.A. 141. Second, he argued his 2008 convictions of assault by means of a dangerous weapon and possession with intent to distribute a class B controlled substance resulted from sentences imposed at a single hearing and thus could not have arisen from separate incidences, as is legally required.

5

S.A. 147. The Appeals Court did not grant relief pursuant to the first ground raised, citing a Supreme Judicial Court decision that ruled that reckless battery is "sufficient to qualify as a violent crime within the meaning of the ACCA." S.A. 248 (citing Commonwealth v. Eberhart, 461 Mass. 809, 818-19 (2012). The Appeals Court saw "no reason to reach a different result with the more serious crime of [assault and battery with a dangerous weapon]." S.A. 248. The Appeals Court did, however, agree with Widener with respect to his second ACCA argument, that his 2008 convictions could not be treated as separate incidences. Because the judge ruling on this matter did not specify what convictions she based her ruling on, the Appeals Court remanded the case for resentencing to allow the trial judge to determine whether, in light of its ruling, Widener had three prior qualifying convictions under the ACCA. S.A 248. On January 25, 2018, the trial judge again found that Widener had been convicted of three qualifying convictions. S.A. 14. As such, there was no change from Widener's original sentence; he was again ordered to serve the mandatory minimum sentence of fifteen years. S.A. 14.

On August 18, 2017, Widener filed an application for further appellate review on two grounds. S.A. 252. First, he argued that because the statute under which he was convicted contains multiple crimes, Massachusetts courts must apply the "modified categorical approach" to determine whether his conviction for assault and battery by means of a dangerous weapon qualifies as a violent crime under the MA ACCA. S.A. 257. He argued that because the MA ACCA's force clause only reaches offenses which require intentional force, any conviction for ABDW, which could include reckless ABDW, should not be a qualifying conviction under the statute. S.A. 258-59.

Next, Widener's application for further review contended that Appeals Court denied him his state constitutional right to be free from unreasonable searches and seizures, as guaranteed in

Article 14 of the Massachusetts Declaration of Rights. S.A. 261. The SJC declined to review Widener's application. S.A. 250.

Widener filed the Petition on April 23, 2018, in which he raises two grounds for habeas relief. D. 1. First, Widener argues that his sentence under the MA ACCA was erroneous. D. 1 at 5. Second, he contends that the state court should have allowed his motion to suppress. D. 1 at 7.

## IV. Discussion

### a. Claim Regarding the MA ACCA Sentence

Widener makes two arguments regarding his sentence enhancement pursuant to the MA ACCA. First, he argues that his sentence was enhanced pursuant to the residual clause of the MA ACCA, which he contends is unconstitutional. D. 18 at 1. Second, he contends that, because ABDW can be committed in a reckless manner, the Appeals Court should have applied a modified categorical approach to determine if ABDW could properly be interpreted as a predicate offense for the purposes of the ACCA. D. 1 at 5. Widener relies upon United States v. Windley, 864 F.3d 36, 39 (1st Cir. 2017), in which the First Circuit held that, for purposes of the federal ACCA, "Massachusetts reckless ABDW is not a violent felony under the force clause." Id. Widener contends that the Appeals Court erred in not adopting the reasoning of the First Circuit in his case. D. 20 at 2.

Neither of these arguments warrants this Court's habeas relief. At bottom, the ruling on Widener's MA ACCA claim was a matter of a state court's interpretation of state law and as such is not appropriate for this Court's review. See Estelle v. McGuire, 502 U.S. 62, 67. The Appeals Court made explicit its understanding that the residual clause of the MA ACCA had been ruled unconstitutional by the Supreme Judicial Court. S.A. 247 (citing Commonwealth v. Beal, 474

7

Mass. 341, 351 (2016)).  The Appeals Court then proceeded to analyze whether Widener's sentencing enhancement was justified under the force clause of the MA ACCA.  S.A. 247.

The Appeals Court's ultimate conclusion that Widener's prior conviction of reckless ABDW did qualify under the force clause of the MA ACCA, S.A. 248, is also a matter of a state law interpretation.  The Appeals Court noted that even though the Supreme Judicial Court had not yet decided whether reckless ABDW is a violent crime under the force clause for purposes of the MA ACCA, the SJC had found that reckless battery does qualify as such.  S.A. 248.  With that in mind, the Appeals Court saw "no reason to reach a different result with the more serious crime of ABDW."  S.A. 248.  Widener claims that this was an erroneous interpretation, but this claim is not cognizable for the purposes of habeas review.  See Pulley v. Harris, 465 U.S. 37, 41 (1984) (noting that "[a] federal court may not issue [a] writ [of habeas corpus] on the basis of a perceived error of state law"); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (noting that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").  Deciding which crimes qualify as violent under the Massachusetts ACCA is a realm reserved for the Massachusetts courts and thus is not an appropriate ground for habeas relief.

The case law to which Widener cites is United States v. Windley, 864 F.3d 36, 39 (1st Cir. 2017) is inapplicable to his case because the court in that case was analyzing whether Massachusetts ABDW was a violent crime within the meaning of the federal ACCA (even as the force language is the same in the MA ACCA), not the MA ACCA.  See Ware v. Dickhaut, 439 Fed. App'x 14, 15 (1st Cir. 2014) (noting that federal courts must respect state court's interpretation of what constitutes a predicate offense under its own ACCA).

### b. Denial of the Motion to Suppress

Widener next claims that he is entitled to habeas relief because the state court wrongly denied his motion to suppress. Widener is not entitled to habeas relief since he had a full and fair opportunity to litigate this in state court and because he did not exhaust this claim in state court.

First, this claim remains unexhausted. To successfully carry the burden of proving exhaustion means the petitioner has "fairly and recognizably" presented his claim to the state's highest court, the Supreme Judicial Court in this case. See Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). Although the Supreme Judicial Court ultimately declined to review Widener's appeal, he did not include this constitutional claim in his application for further appellate review. See S.A. 256, 261-66. He instead based this claim wholly on state constitutional law, citing only to the Massachusetts Declaration of Right and Massachusetts case law, with the exception of two federal cases. See S.A. 256, 261-66; see also Adelson, 131 F.3d at 263 (finding claim unexhausted when petitioner premised argument solely on Massachusetts case law and argued "exclusively in state-law terms"). These citations to federal precedent do not alter the Court's determination that Widener failed to bring this Fourth Amendment claim to the Supreme Judicial Court, however, where Widener made clear that he was asserting a claim under the Massachusetts Declaration of Rights as he framed it at the beginning and end of his application for further appellate review. S.A. 254. 261, 266. Moreover, there does not appear to be good reason for Widener's omission of the Fourth Amendment, as Widener did raise a Fourth Amendment claim, albeit very briefly, in his appeal to the Appeals Court. See S.A. 49; see also Adelson, 131 F.3d at 263 (ruling that petitioner did not exhaust a due process claim when he had not premised either his Appeals Court or Supreme Judicial Court appeal on federal constitutional grounds or cited any federal cases, relying solely on Massachusetts case law). Thus, this Court concludes that Widener has not

fulfilled his burden to exhaust his claim at the state level. While 28 U.S.C. § 2254(b)(1)(B) provides that failure to exhaust will not bar a claim if "there is an absence of available State corrective process; or [] circumstances exist that render such process ineffective to protect the rights of the applicant," these exceptions are not applicable here.

Second, even if Widener had exhausted this claim, it still does not entitle him to relief. It is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at this trial." Stone v. Powell, 428 U.S. 465, 489-90 (1976). "So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under Stone, to second-guess the accuracy of the state court's resolution of those claims." Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001). Widener argued his claim before the trial court, where he received a hearing on his motion to suppress. Widener also raised this claim on appeal to the Appeals Court, which addressed the claim thoroughly. As such, this Court finds that he had the opportunity to fully and fairly litigate this claim and this claim also does not warrant habeas relief.

**V.  Conclusion and Certificate of Appealability**

For the foregoing reasons, the Court ALLOWS the motion to dismiss, D. 11, and DENIES the Petition, D. 1.

Widener may receive a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller–El v. Cockrell, 537 U.S. 322, 338 (2003)

(internal quotations omitted). Based upon the analysis of the record and the applicable law in this Memorandum and Order, the Court does not, at this juncture, conclude that reasonable jurists would find its conclusion, denying the Petition both on procedural and substantive grounds, debatable or wrong. The Court, therefore, is not inclined to issue a certificate of appealability, but will give Widener until February 15, 2019 to file a memorandum, not to exceed five (5) pages, if he seeks to address the issue of whether a certificate of appealability is warranted as to the Petition.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge